IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY LYNN ROBINSON (TDCJ No. 1955575), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-1343-O-BN |
| OFFICER VAUGHN, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Reed O'Connor. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff Larry Lynn Robinson pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

**Background**

Plaintiff, a Texas prisoner incarcerated at the Texas Department of Criminal Justice ("TDCJ")'s Eastham Unit, in Lovelady, Texas, has filed a complaint concerning the alleged confiscations of his legal documents and a bible. *See* Dkt. No. 1. He also asserts unrelated allegations that, because other inmates have threatened his life in

the recent past, his life is "in imminent danger, etc." *Id.* at 3; *see also id.* at 5-6.

While Plaintiff has moved for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 2, as discussed below, multiple courts have found that he has accumulated more than the required "three strikes" to be barred from proceeding IFP.

Given that Plaintiff's claims concern events that have occurred during his incarceration at the Eastham Unit, located in Houston County, Texas, the more proper venue for this civil rights action is the Lufkin Division of the Eastern District of Texas. *See* 28 U.S.C. §§ 1391(b) & 124(c)(6). And, where venue is laid "in the wrong division or district," the Court may, "in the interest of justice transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) (a district court may raise the issue of venue *sua sponte*). But, for the reasons explained below, consideration, here, of this matter under Section 1915(g) better serves the interest of justice than a transfer to the Lufkin Division of the Eastern District of Texas for the same consideration.

## Legal Standards

A prisoner may not proceed IFP if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to this "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D.

Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citing *Emmett v. Julye*, No. H-13-2693, 2013 WL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-298 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))), *aff'd*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam).

## Analysis

Plaintiff, while incarcerated, is barred from proceeding IFP as to civil rights complaints absent the requisite allegation that he is subject to imminent danger of serious physical injury:

> Plaintiff has already accrued three strikes under section 1915(g). The United States District Courts for the Southern and Western Districts of Texas previously found Plaintiff was barred by three strikes under Texas Department of Criminal Justice (TDCJ) identification number 522182. *See Robinson v. Dretke*, No. 6:06-cv-00117 (W.D. Tex. May 4, 2006)

> (collecting prior strikes and dismissals under section 1915(g)); *Robinson v. Cockrell*, No. 4:02-cv-1490 (S.D. Tex. Apr. 29, 2002) (same); *Robinson v. Cockrell*, No. 4:02-cv-929 (S.D. Tex. Mar. 19, 2002) (same); *Robinson v. Dallas County Sheriff's Dep't*, No. 4:01-cv-3041 (S.D. Tex. Oct. 1, 2001) (same). While Plaintiff contends that he does not recall the above cases, he concedes that prior to 2007 he was incarcerated within TDCJ under prisoner identification numbers 452670 and 522182.

*Robinson v. Valdez*, No. 3:14-cv-2611-L, 2004 WL 2434421, at *1 (N.D. Tex. Oct. 29, 2004) (some citations modified).

Plaintiff's current filing undoubtedly falls under the three-strikes provision. As such, under Section 1915(g) Plaintiff may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.

But the complaint lacks any facts to show that Plaintiff is under such an imminent threat as to overcome Section 1915(g).

In allegations unrelated to the subject matter of his complaint – the alleged confiscations of his legal documents and a bible – Plaintiff asserts that in the recent past (in March and April 2016) two inmates threatened to kill him. *See* Dkt. No. 1 at 5. In response to these threats, prison officials separated Plaintiff from the threatening inmates. *See id.* Such allegations are insufficient to overcome the three-strikes provision. *See, e.g., Davis v. Flagg*, No. 4:10-cv-00053-DPJ-FKB, 2011 WL 3207742, at *1 n.5 (S.D. Miss. June 30, 2011), *rec. adopted*, 2011 WL 3207554 (S.D. Miss. July 28, 2011) ("Although both complaints asserted that he had been assaulted in the recent past by either guards or other inmates, neither complaint set forth any explanation of a threat of 'imminent danger' existing as of the day that he filed the complaint."); *cf. Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir. 2011) (per curiam) ("Cloud's bare

assertions that he has been threatened at unspecified dates in the past by inmates who have beaten other inmates at the direction of one of the defendants does not rise to the level of a showing that he was in 'imminent danger of serious physical injury' when he filed his complaint." (citations omitted)).

Plaintiff should therefore be barred from proceeding *in forma pauperis*. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 18, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE